JWB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-0358-PHX-DGC |
|                 v. ) | CV 06-1232-PHX-DGC (JRI) |
| Lawrence Leon Jackson ) | |
|          Movant. ) | **O R D E R** |

      Movant Lawrence Leon Jackson has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. # 126). On November 3, 2004 a jury convicted Movant of (1) conspiracy to commit murder, (2) conspiracy to commit aggravated assault, (3) conspiracy to commit kidnaping, (4) first degree murder, (5) use of a firearm in a crime of violence, (6) assault resulting in serious bodily injury, (7) kidnaping, (8) first degree felony murder, and (9) assault with a dangerous weapon. On March 21, 2005, Movant was sentenced to life in prison plus 84 months.

      Movant presents three grounds for relief: (1) the district court was without jurisdiction to try or sentence Movant as he is not an "Indian" as articulated in the indictment; (2) the prosecution failed to disclose exculpatory evidence to Movant; and (3) trial counsel was ineffective in failing to contact two alibi witnesses. On March 30, 2005, a notice of appeal was filed by Movant's counsel (Doc. # 103). As a result, there is an appeal pending in the Ninth Circuit Court of Appeals. See United States v. Corona-Garcia, No. 05-1005 (9th Cir.) and United States v. Corona-Garcia, No. 05-10027 (9th Cir.).

      For reasons of judicial economy, district courts should not consider an application for writ of habeas corpus when the petitioner has a direct appeal pending in the Court of Appeals or the Supreme Court. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1996) (citing United States v.

Deeb, 944 F.2d 545, 548 (9th Cir. 1991), cert. denied, 503 U.S. 975 (1992)). "'Except under most unusual circumstances . . . no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970), cert. denied, 402 U.S. 933 (1971)), cert. denied, 488 U.S. 982 (1988). See also Rule 5, Rules Governing Section 2255 Proceedings, Advisory Committee Note ("[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision."). There are no unusual circumstances that would justify an exception to this rule. Accordingly, the § 2255 Motion will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

(1) That the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. # 126) is dismissed without prejudice; and

(2) That the Clerk of Court shall terminate the civil action, CV 06-1232-PHX-DGC (JRI), which was opened in connection with this matter.

**DATED this 22nd day of May, 2006.**

_____
David G. Campbell
United States District Judge